
**Your Missouri Courts**                          ase.net

Search for Cases by: Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess Logoff STEVENAHILLEN

### 18MI-CV00616 - JERRY DAVIS V GG BARNETT TRANSPORT, INC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case                Sort Date Entries: ◉ Descending   Display Options:
Click here to Respond to Selected Documents              ○ Ascending              All Entries

---

**11/20/2018** ☐ **Response Filed**
Plaintiffs Response And Suggestions In Opposition To Defendant Brandon M Dowells Motion To Dismiss; Electronic Filing Certificate of Service.
   **Filed By:** ZANE THOMAS CAGLE
   **On Behalf Of:** JERRY DAVIS

☐ **Reply**
Plaintiffs Reply To Defendants Response For Change of Venue; Electronic Filing Certificate of Service.
   **Filed By:** ZANE THOMAS CAGLE

**11/16/2018** ☐ **Return Scheduled**
Scheduled For: 12/11/2018;  8:59 AM ;  DAVID ANDREW DOLAN;  Mississippi

**11/15/2018** ☐ **Response Filed**
Defendant Brandon M Dowells Response to Plaintiffs Motion For Change of Venue; Electronic Filing Certificate of Service. forward to Judge
   **Filed By:** TED L PERRYMAN
   **On Behalf Of:** BRANDON M DOWELL

☐ **Suggestions in Support**
Defendant Brandon M Dowells Suggestions in Support of Motion to Dismiss; Electronic Filing Certificate of Service. forward to Judge
   **Filed By:** TED L PERRYMAN

☐ **Motion to Dismiss**
Defendant Brandon M Dowells Motion to Dismiss; Electronic Filing Certificate of Service. Forward to Judge
   **Filed By:** TED L PERRYMAN

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
   **Filed By:** RACHEL LEA BROWN
   **On Behalf Of:** BRANDON M DOWELL

☐ **Entry of Appearance Filed**
   **Filed By:** KORISSA MARIE NEWELL
   **On Behalf Of:** BRANDON M DOWELL

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
   **Filed By:** TED L PERRYMAN
   **On Behalf Of:** BRANDON M DOWELL

**10/22/2018** ☐ **Family Member/Roommate Served**
Document ID - 18-SMCC-460; Served To - DOWELL, BRANDON M; Server - SO MISSISSIPPI CO-CHARLESTON; Served Date - 16-OCT-18; Served Time - 20:21:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO KATRINA DOWELL (WIFE)

☐ **Summ Req-Circuit Pers Serv**

```
EXHIBIT
   A
```

Affidavit of Service- Brandon Dowell.
> **Filed By:** ZANE THOMAS CAGLE
> **On Behalf Of:** JERRY DAVIS

10/11/2018   ☐ **Summons Issued-Circuit**
Document ID: 18-SMCC-460, for DOWELL, BRANDON M.

  ☐ **Motion for Change of Venue**
Motion For Change of Venue.
> **Filed By:** ZANE THOMAS CAGLE
> **On Behalf Of:** JERRY DAVIS

  ☐ **Filing Info Sheet eFiling**
> **Filed By:** ZANE THOMAS CAGLE

  ☐ **Note to Clerk eFiling**
> **Filed By:** ZANE THOMAS CAGLE

  ☐ **Pet Filed in Circuit Ct**
Petition.
> **On Behalf Of:** JERRY DAVIS

  ☐ **Judge Assigned**

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

JERRY DAVIS                              )
                                         )
            Plaintiff,                   )        Cause No.: 18MI-CV00616
v.                                       )
                                         )
G.G. BARNETT TRANSPORT, INC.; &          )
BRANDON M. DOWELL                        )
                                         )
                                         )
            Defendants.                  )

**PLAINTIFF'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO DEFENDANT
BRANDON M. DOWELL'S MOTION TO DISMISS**

COMES NOW Plaintiff, Jerry Davis (hereinafter "Plaintiff"), by and through his

attorneys of record, The Cagle Law Firm, for his response to Defendant Brandon M. Dowell's

(hereinafter "Defendant") Motion to Dismiss on the basis of *forum non conveniens*, and states to

this Honorable Court as follows:

**BACKGROUND**

On December 13, 2016, at around 12:25 a.m., near the Township of East Lincoln, Logan

County, Illinois, Plaintiff traveled in the right-hand of northbound Interstate 55 in a semi-truck.

At the same time, Defendant, drove a tractor-trailer as an agent, servant, and/or employee of

G.G. Barnett Transport, Inc. (hereinafter "Defendant G.G. Barnett Transport") in the left-hand

lane of northbound I-55.  When Defendant switched from the left lane to the right lane, he

clipped the rear left portion of Plaintiff's semi-truck, causing Plaintiff to spin out of control.  As

a result of Defendant's negligence, Plaintiff has alleged injuries and damages.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

Although the collision occurred in Lincoln County, Illinois, Plaintiff filed suit in the Circuit Court of Mississippi County against Defendant and Defendant G.G. Barnett Transport. Plaintiff chose to file the case in Mississippi County because Defendant is a resident and citizen of Mississippi County pursuant to RSMo. § 508.010.2.(3).  Moreover, Plaintiff filed his claim in this Court since Defendant acted as an agent, servant, and/or employee of Defendant G.G. Barnett Transport, and because Defendant G.G. Barnett Transport conducts business and interstate trucking throughout the State of Missouri.

On November 15, 2018, Defendant filed a Motion to Dismiss, premised upon *forum non conveniens*.  Notably, Defendant G.G. Barnett Transport, a foreign corporation with its principal place of business in Wisconsin, has not contested venue or personal jurisdiction.

### STANDARD

"A plaintiff has the right to choose any forum where there is proper jurisdiction and venue in which to file the plaintiff's cause of action." *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219-20 (Mo. banc 2008).  However, under the doctrine of *forum no conveniens*, plaintiffs cannot take "advantage of liberal venue statutes to 'vex, oppress, or harass' a defendant by bringing suit in a forum that had no connection to the parties or the cause of action." *Id.* (quoting *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 302 (Mo. banc 1992)).  The doctrine allows "the trial court to dismiss a suit if it is filed in a 'manifestly inconvenient' forum." *Id.* (quoting *Besse v. Missouri Pacific R. Co.*, 721 S.W.2d 740, 742 (Mo. banc 1986)).  Trial courts have the discretion to grant or deny motions to dismiss on the grounds of *forum non conveniens*, and, upon review, the appellate court will examine the trial court's decision with an abuse of discretion standard. *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 303.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

Missouri courts have held that dismissal of an action due to *forum non conveniens* is an

extreme remedy and in reviewing such motions the trial court should accept all statements in the

plaintiff's petition as true so as to support the existence of a cause of action. *Dore & Associates*

*Contracting, Inc. v. Missouri Dept. of Labor & Indus. Relations Com'n*, 810 S.W.2d 72, 77 (Mo.

App. W.D. 1990) (citing *Bailey v. Richardson*, 667 S.W.2d 720, 722 (Mo. App. 1984)).

In Missouri, courts look at six (6) non-exclusive factors in weighing a claim for dismissal

on *forum non conveniens*.  Those factors are: "(1) the place where the cause of action accrued;

(2) the location of witnesses; (3) the residence of the parties; (4) any nexus with the place of suit;

(5) the public factor of the convenience to and burden on the court; and (6) the availability of the

plaintiff of another court with jurisdiction over the cause of action that affords him a forum for

his remedy." *Grady*, 262 S.W.3d at 220 (citing *State ex rel. Chicago, R.I. & P.R. Co. v.*

*Riederer*, 454 S.W.2d 36, 39 (Mo. banc 1970)).  "The weight assigned each factor to be

considered varies because application of *forum non conveniens* is 'fact intensive' and depends

upon the circumstances of each case." *State ex rel. Kansas City Southern Ry. Co. v. Mauer*, 998

S.W.2d 185, 189 (Mo. App. W.D. 1999) (quoting *Connour v. Burlington N. R.R. Co.*, 889

S.W.2d 138, 143 (Mo. App. 1994)).  To prove *forum non conveniens*, the moving party must

present specific and "factual information about the nature of the inconvenience." *Id*. at 221.

"[G]eneral assertions are not sufficient." *Id*. at 222.  The moving party must also prove with

sufficient evidence that it is not appropriate to litigate the case in Missouri. *See generally Id*. at

223. [Emphasis Added].

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

## ARGUMENT

### I.     THE DEFENDANT FAILS TO PRESENT SPECIFIC AND FACTUAL INFORMATION ABOUT THE NATURE OF THE INCONVENIENCE UNDER THE NON-EXCLUSIVE *RIEDERER* FACTORS.

#### A.  The Place of Accrual of the Cause of Action Does not Favor Plaintiff.

Plaintiff readily admits that the first non-exclusive *Reiderer* factor, the place of accrual of the cause of action, does not favor Plaintiff's position that venue is proper in Mississippi County, State of Missouri.  This cause of action arose in the State of Illinois since both Defendant and Plaintiff were traveling northbound on I-55 in Illinois at the time of the collision.  The fact that the first *Riederer* factor does not favor Plaintiff is of little consequence.  In *State ex rel. Wyeth v. Grady*, "none of the plaintiffs' causes of actions accrued in Missouri." *Grady*, 262 S.W.3d at 221.  Indeed, most of the actions accrued in northeastern states, not Missouri.  *Id.*  This did not stop the Missouri Supreme Court from concluding that the case should not be dismissed for *forum non conveniens*.  Therefore, despite the fact that the first *Riederer* factor does not favor Plaintiff, it is of little consequence since nearly all the other factors, as examined below, do favor Plaintiff.

#### B.  Defendant Failed to Show Sufficient Evidence that the Location of Witnesses Presents an Issue of Inconvenience.

In his Motion to Dismiss, Defendant failed to show with sufficient evidence that the location of witnesses to quantify such an inconvenience.  "[T]he moving party has the initial burden of establishing the relative inconvenience caused by the witnesses' location." *Anglim*, 832 S.W.2d at 304.  In order to prove the significance of the location of witnesses in this case, the moving party must show sufficient evidence as to the identity of "any actual witness, the location of any witness, or even the number of witnesses anticipated." *Grady*, 262 S.W.3d at 221.  "The mere fact that more witnesses are located in another state than are located in Missouri

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

does not conclusively establish the question of witness location favorably to the defendant." *Anglim*, 832 S.W.2d at 304.

In *Anglim*, one out of eight specifically identified witnesses lived in Missouri. *Id.* Seven of the eight lived in Nebraska. *Id.* In *Grady*, the defendants failed to satisfy the second *Riederer* factor because they did not specifically identify, locate, or anticipate the number of witnesses that they expected to call. *Grady*, 262 S.W.3d at 221. Instead, the defendants simply identified potential witnesses that the plaintiff might call who resided out-of-state. *Id.*

In this case, Defendant fails to specifically identify how potential witnesses will be harmed by having the case heard in Missouri. Indeed, no evidence has been provided showing that this might be the case. Showing that Plaintiff's medical provider presumably is not located in Missouri has no bearing on Defendant's case. However, Defendant lives only miles from this Court. Thus how can he argue that it not convenient to appear? In his Motion to Dismiss, Defendant cannot identify, locate, or anticipate the number of witnesses that he expects to call at trial, a failure which he shares with the Defendants in *Grady*. Therefore, Defendant has not met his burden establishing the relative inconvenience caused by the witnesses' location in this case, failing the second *Riederer* factor.

### C. The Third *Riederer* Factor, the Residence of the Parties, Resolves in Favor of Plaintiff in this Case.

The third *Riederer* factor, the residence of the parties, benefits Plaintiff in this case, and suggests that the claim should not be dismissed. Missouri's venue statute § 508.010.2(3) states that "when there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides." Here, Defendant G.G. Barnett Transport is a foreign corporation with its principal place of business in Wisconsin.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

Defendant Dowell, however, is a citizen of Mississippi County. Therefore, under Missouri's venue statute § 508.010.2(3), venue is proper in Mississippi County.

Contrary to Defendant's contention in his Motion to Dismiss, the fact that Defendant Dowell is a citizen of Mississippi County greatly outweighs that fact that Defendant G.G. Barnett Transport is a foreign corporation based in Wisconsin. In *Grady*, "None of the defendant pharmaceutical companies [was] incorporated or headquartered in Missouri." *Grady*, 262 S.W.3d at 221. Indeed, the Missouri Supreme Court noted, "It is undisputed that no party in these suits is a Missouri resident." The mere fact that the corporate defendant becomes burdened with some apparent inconvenience by having the case heard in Missouri is "insufficient to quantify the inconvenience to the companies caused by plaintiffs' and defendants' nonresidence." *Id*.

In this case, Defendant G.G. Barnett Transport is a foreign corporation with its principal place of business located in Wisconsin. But as the Missouri Supreme Court in *Grady* noted, this fact is of little consequence since "[a] corporation may be created under the laws of one state, have its headquarters in another state, and do its primary business in yet one or more other states." *Anglim*, 832 S.W.2d at 304. The transportation of goods to and from Missouri is enough to make venue proper in Missouri. *Id*. Further, foreign corporations have far greater resources than do individual parties. They can often afford to have representatives flown to another state, have attorneys litigate on its behalf, and resolve claims in other states without expending tremendous resources. Defendant on the other hand, would be greatly inconvenienced having the claim litigated elsewhere as it would come at considerable expense to him. Therefore, the third *Reiderer* factor favor Plaintiff, not Defendant in this case.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

### D.  There Is a Nexus between the Lawsuit and the Place the Suit Is Brought.

The fourth non-exclusive *Reiderer* factor for *forum non conveniens* requires there to be a nexus between the lawsuit and the place where the suit is brought.  As was stated *supra*, Defendant is a citizen and resident of Mississippi County.  Defendant G.G. Barnett Transports conducts shipping activities throughout the State of Missouri.  Whether Plaintiff lives in Missouri or in South Carolina is of no consequence.  Both Defendants in the case either live in Missouri or conduct regular business in Missouri.

In both *Anglim* and *Grady*, while no apparent nexus existed between those cases and Missouri, the fact that both defendants conducted some business in Missouri was enough to establish a nexus.  *Amglin*, 832 S.W.2d at 304; *Grady*, 262 S.W.3d at 221.  In *Grady*, the defendant corporation attempted to argue that hearing the cases in St. Louis would require the parties to travel great distances and incur expenses.  *Id.*  The Missouri Supreme Court rebutted that argument, noting that "it is likely that any forum available would be equally inconvenient to the companies."  *Id.*  In this case, Defendant G.G. Barnett Transports has its principal place of business in Wisconsin while Defendant Dowell is a resident and citizen of Missouri.  If Illinois were chosen as the more convenient forum, both Defendants would be forced to incur travel expenses and travel great distances.  In contrast, resolving the case in Missouri would only require Defendant G.G. Barnett Transport, not Defendant, to incur travel expenses.  Furthermore, both counsel for the parties are much closer to Mississippi County, Missouri than Wisconsin.  Likewise, the distance from counsels' office to either Mississippi County, Missouri or Logan County, Illinois is approximately the same.  Therefore, just as in *Grady*, the weight of this factor in determining whether trial in Missouri would be oppressive to Defendants is limited.  *See Grady*, 262 S.W.3d at 221-22.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

**E.  Defendant Presented No Evidence Suggesting that Litigating the Case in Missouri would be a Burden on Missouri Courts.**

In his Motion to Dismiss, Defendant failed to provide sufficient evidence suggesting that Missouri courts are burdened by this cause of action.  Under Missouri Rule 55.21(b), where the law of another state applies, "the courts of this state shall take judicial notice of the public statutes and judicial decisions of said state."  Indeed,  "Missouri courts are capable of applying the laws of other states without creating undue burden on the court system." *Taylor v. Farmers Ins. Co., Inc.*, 954 S.W.2d 496, 502 (Mo. App. W.D.) (citing Missouri Supreme Court Rule 55.21(b)).  "Likewise, the applicability of a foreign jurisdiction's law to the action does not justify the trial court's dismissal." *Id*.  Furthermore, for parties asserting *forum non conveniens*, "Statistical data may be submitted to support a claim that the caseload of the trial court is so overwhelming that the case cannot be expeditiously litigated in the jurisdiction where the case is filed." *Anglim*, 832 S.W.2d at 304.  Some Missouri courts have suggested that parties asserting *forum non conveniens* to provide statistical data showing the trial court's overwhelmed docket. *See Grady*, 262 S.W.3d at 222; *Taylor*, 954 S.W.2d at 502.

In *Taylor*, the defendant did not offer statistical data to show that litigating the case posed a burden on the court. *Taylor*, 954 S.W.2d at 502.  The Court of Appeals determined that the lack of statistical data weighed against dismissal of the case on the ground of *forum non conveniens*. *Id*.  Here, Defendant did not provide any specific data to support his assertion that litigating this case in Missouri would unduly burden the state's trial courts.  Therefore, in weighing the fifth *Reiderer* factor, there is no undue burden upon Missouri courts in litigating this case.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

**F. Just Because Plaintiff Could Bring this Case in Another Forum; That Does Not Mean that the Court Is Required to Dismiss the Case on *Forum Non Conveniens* Grounds.**

The sixth *Reiderer* factor—the availability of another court with jurisdiction affording a forum for plaintiff's remedy—does suggest that Plaintiff's case could be adjudicated in Illinois. However, just because Plaintiff could adjudicate his case in Illinois does not mean that this Court is required to dismiss on grounds of *forum non conveniens*. In weighing the sixth *Reiderer* factor, "the applicability of a foreign jurisdiction's law to the action does not justify the trial court's dismissal." *Taylor*, 954 S.W.2d at 502. Furthermore, general assertions that another state is capable of handling Plaintiff's claim are not sufficient for purposes of the sixth *Reiderer* factor. *Grady*, 262 S.W.3d at 222.

In this case, Defendant makes a general assertion that Illinois is the proper venue for Plaintiff's claim. Defendant provides little to no evidence in support of this general assertion. That is insufficient pleading under *Grady*. Moreover, Plaintiff readily admits that this case could be resolved in Illinois since the collision occurred in Illinois. But this Court cannot take into account the applicability of Illinois' laws in dismissing the case for *forum non conveniens*. When weighed against all of the other factors as discussed *supra*, there are plenty of reasons why Plaintiff's case should be litigated in Missouri. Specifically, Defendant resides only miles from this Court; it would not impose a burden on the courts, nor the two Defendants, to have the claim heard in Missouri; Plaintiff's attorneys are located in Missouri; and Defendant has not sufficiently given this Court specific facts and data to prove that another venue is more appropriate. Therefore, although the sixth *Reiderer* weighs slightly against Plaintiff, the other facts substantially outweigh dismissal in this case.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

II.   **ALTERNATIVELY, SHOULD THIS COURT FAVOR DISMISSAL, PLAINTIFF REQUESTS THAT THE COURT DISMISS HIS CLAIMS WITHOUT PREJUDICE.**

In the alternative, should the Court decide to dismiss Plaintiff's claims against Defendant for *forum non conveniens*, Plaintiff respectfully requests that the Court do so without prejudice so that Plaintiff can re-file his claim in an alternative venue.  In Missouri, "A dismissal for forum non conveniens is necessarily a dismissal without prejudice." *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 195 (Mo. banc 1992).  Therefore, should this Court be swayed to grant Defendant's Motion to Dismiss, Plaintiff requests that the Court dismiss his claims without prejudice.

## CONCLUSION

Defendant's Motion to Dismiss should not be granted by the Court on the grounds of *forum non conveniens*.  While it is true that the collision occurred in Illinois, in weighing the *Reiderer* factors, there is no justification for dismissal.  Indeed, dismissal of an action is an extreme course of action for a court to take, especially since the *Reiderer* factors show that dismissal is not appropriate under the circumstances of this case.  Therefore, this Court should deny Defendant's Motion to Dismiss based upon *forum non conveniens*.

WHEREFORE, Plaintiff Jerry Davis respectfully requests this Court to deny Defendant Brandon M. Dowell's Motion to Dismiss for *forum non conveniens*, or, in the alternative, dismiss Plaintiff's case without prejudice so that he may re-file his claim in an alternative venue, and for such other relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

THE CAGLE LAW FIRM, LLC

By_____
Zane T. Cagle, MO #53775
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
Email: zane@caglellc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This hereby certifies that on this 20th day of November, 2018, copies of the foregoing was served upon the attorneys of record below via this Court's ECF filing system:

ROBERTS PERRYMAN P.C.
Ted L. Perryman
Korissa M. Zickrick
Rachel L. Capel
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
Attorney for Defendant

By_____
Zane Cagle, MO #53775

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

JERRY DAVIS                              )
                                         )
            Plaintiff,                   )      Cause No.: 18MI-CV00616
v.                                       )
                                         )
G.G. BARNETT TRANSPORT, INC.; &          )
BRANDON M. DOWELL                        )
                                         )
                                         )
            Defendants.                  )

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE FOR CHANGE OF VENUE

COMES NOW Plaintiff, Jerry Davis (hereinafter "Plaintiff"), by and through his attorneys of record, The Cagle Law Firm, for his Reply to Defendant's Response for Change of Venue, and states to this Honorable Court as follows:

1. On October 16, 2018, the wife of Defendant Brandon M. Dowell (hereinafter "Defendant"), Katrina Dowell, received service at their home on his behalf. *Plaintiff's Exhibit #1, Summons.*

2. Under Missouri Supreme Court 54.13(b)(1), personal service may be made "by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years."

3. Katrina Dowell, as Defendant's wife, was authorized to accept service on Defendant's behalf under Missouri Supreme Court Rule 54.13(b)(1); thus, Defendant was served in this case.

4. Missouri Supreme Court Rule 51.03 grants parties in a civil action triable by jury the right to transfer venue for actions pending in a county having seventy-five thousand (75,000) or less inhabitants.

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

5.   Upon timely filing of application to the Court, the Court shall order a change of venue. Missouri Supreme Court Rule 51.03(a).

6.   "The applicant need not allege or prove any cause for such change.  The application need not be verified and may be signed by any party."  Missouri Supreme Court Rule 51.03(a).

7.   Rule 51.03(b) requires that a "copy of the application and notice of the time when it will be presented to the court shall be served on all parties."

8.   By right, parties may suggest where the case shall be sent upon motion for change of venue under Rule 51.03.

9.   Plaintiff requests a change of venue to St. Louis County or Scott County.

10. St. Louis County is a convenient venue because Plaintiff's attorneys, as well as Defendant's attorneys, are located in and around St. Louis County.

11. Scott County is a convenient venue because Defendant's live in Mississippi County, and Scott County is an adjoining county and is in the same judicial circuit.

WHEREFORE, Plaintiff Jerry Davis respectfully requests this Court to grant Plaintiff's Motion to Transfer Venue, and for such other relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

THE CAGLE LAW FIRM, LLC

By_____
Zane T. Cagle, MO #53775
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
Email: zane@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - Mississippi - November 20, 2018 - 11:06 AM

## CERTIFICATE OF SERVICE

This hereby certifies that on this 20th day of November, 2018, copies of the foregoing was served upon the attorneys of record below via this Court's ECF filing system:

ROBERTS PERRYMAN P.C.
Ted L. Perryman
Korissa M. Zickrick
Rachel L. Capel
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
Phone: (314) 421-1850
Fax: (314) 421-4346
Attorney for Defendant

By_____
Zane Cagle, MO #53775

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| JERRY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 18MI-CV00616 |
| | ) | |
| vs. | ) | |
| | ) | |
| GG BARNETT TRANSPORT, INC. and | ) | |
| BRANDON M. DOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BRANDON M. DOWELL'S RESPONSE
TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE**

COMES NOW Defendant, Brandon M. Dowell, by and through counsel, Roberts Perryman, P.C., and for his Response to Plaintiff's Motion for Change of Venue states as follows:

Pursuant to Missouri Supreme Court Rule 51.03, a change of venue shall be ordered in a civil action triable by jury that is pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application. This Motion was NOT served on Defendant Dowell as required by Rule 51.03. Plaintiff has filed said request and proposed St. Louis County or Scott County as possible alternative venues. Defendant objects to St. Louis County or Scott County as being appropriate venues as there is absolutely no connection to this accident, any party or witness in either St. Louis County or Scott County and neither county is more convenient to the parties as Plaintiff resides in South Carolina, Defendant GG Barnett Transport is a Wisconsin corporation and Defendant Dowell resides in Mississippi County, Missouri.

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

WHEREFORE, Defendant Brandon M. Dowell, respectfully requests this Court deny Plaintiff's Motion to Transfer Venue, and for such other further relief as the Court deems just and proper.

Respectfully submitted,

ROBERTS PERRYMAN P.C.

/s/ Ted L. Perryman
Ted L. Perryman #28410
Korissa M. Zickrick #56069
Rachel L. Capel #67744
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
rcapel@robertsperryman.com
*Attorneys for Defendant Brandon M. Dowell*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of November, 2018, copies of the foregoing were served on the following counsel of record via the court's ECF filing system:

Zane T. Cagle #53775
THE CAGLE LAW FIRM, LLC
500 North Broadway, Suite 1605
St. Louis, MO 63102
(314) 241-1700 Phone
(314) 241-1738 Fax
zane@caglellc.com
*Attorneys for Plaintiff*

/s/ Ted L. Perryman

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| JERRY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 18MI-CV00616 |
| | ) | |
| vs. | ) | |
| | ) | |
| GG BARNETT TRANSPORT, INC. and | ) | Division No. |
| BRANDON M. DOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BRANDON M. DOWELL'S
SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant, Brandon M. Dowell, by and through his attorneys, Roberts Perryman, P.C. and moves this Court to dismiss Plaintiff's Petition against Defendant on the basis of *forum non conveniens*. In support of his Motion, Defendant states as follows:

**BACKGROUND**

The accident in question occurred on northbound Interstate 55 in the Township of East Lincoln, Logan County, Illinois on December 13, 2016. On October 11, 2018, Plaintiff Jerry Davis ("Plaintiff") filed this suit in the Mississippi County Circuit Court. Plaintiff alleges that he was injured in a collision between the tractor trailer he was driving and a tractor trailer owned by GG Barnett Transport, Inc. and driven by Defendant Brandon M. Dowell. Plaintiff alleges that he was injured when the Defendant Dowell changed lanes, striking the rear end of his trailer. Plaintiff is a resident of the State of South Carolina. Defendant Brandon M. Dowell is a resident of Charleston, Missouri. Defendant GG Barnett Transport, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin.

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

Count I alleges negligence against GG Barnett Transport, Inc. Count II alleges negligent hiring, training, supervising & retaining against GG Barnett Transport, Inc. Count III alleges negligence against Brandon M. Dowell.

## ARGUMENT

### I.   Missouri courts have recognized, applied and dismissed cases based upon *forum non conveniens*

Missouri Courts have long recognized the doctrine of *forum non conveniens*.  *See* Chandler v. Multidata Sys. Int'l Corp., 163 S.W.3d 537 (Mo. App. E.D. 2005); Dalton v. Consolidated Rail Corp., 1988 Mo. App. LEXIS 1401 (Mo. App. E.D. 1988); Skewes v. Masterchem Indus., 164 S.W.3d 92 (Mo. App. E.D. 2005). Under this common law doctrine, even if a trial court has proper jurisdiction and venue, a trial judge has the discretion to decline jurisdiction if the forum is inconvenient for the trial of the action involved and if a more appropriate forum is available to the plaintiff.  Chandler v. Multidata Sys. Int'l Corp., 163 S.W. 3d 537, 545 (Mo. Ct. App. 2005).  Missouri trial courts are "obliged to give attention to the doctrine and to dismiss cases which have no tangible relationship to Missouri." Besse v. Mo. Pac. R.R. Co., 721 S.W.2d 740, 742 (Mo. 1986). The people of Missouri are not obliged to give attention to make their courts available for lawsuits in which there is no significant nexus. Id.

The Missouri Supreme Court in State ex rel. Chicago, Rock Island & Pacific R.R. Co. v. Riederer, 454 S.W.2d 36 (Mo. 1970) (en banc) enumerated six important, but non-exclusive factors that trial courts should utilize as a guide when analyzing whether a case should be dismissed based on *forum non conveniens*:

    (1)    Place of accrual of the cause of action;

    (2)    Location of witnesses;

    (3)    Residence of the parties;

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

(4)    Any nexus with the place of suit;

(5)    The public factor of the convenience to and burden upon the court; and

(6)    The availability to plaintiff of another court with jurisdiction of the cause of action affording a forum for plaintiff's remedy.

Riederer, 454 S.W.2d at 39. The application of the doctrine is fact-intensive and the weight afforded to any particular factor is dependent on the circumstances of the case. Anglim v. Mo.Pac.R.Co., 832 S.W.2d 298, 302 (Mo. 1992).

Missouri courts have repeatedly dismissed cases based on *forum non conveniens*. For example, in Rozansky Feed Co. v. Monsanto Co., 579 S.W.2d 810 (Mo. Ct. App. 1979), a New Jersey corporation who manufactured poultry feed sued Monsanto based upon its sale, distribution and use of polychlorinated biphenyls (PCBs) which contaminated its feed, and a New York Company (General host) that purchased the PCBs from Monsanto. Suit was filed in Jackson County, Missouri and was dismissed by the trial court based on *forum non conveniens*. Id. On appeal, the court held that "except for the fact that Monsanto had its principal office in Missouri and that General host was licensed to and did business in Missouri and thus both were subject to suit in Missouri, that it was obvious that the case had little, if any, 'nexus' with Missouri and its courts." Id. at 814.

Similarly, in Acapalon Corp. v. Ralston Purina Co., 827 S.W.2d 189 (Mo. 1992), the Missouri Supreme Court affirmed a trial court's order dismissing a case based on *forum non conveniens*. In Acapalon Corp., the plaintiff, a Guatemalan company, sued Ralston Purina in St. Louis City Circuit Court seeking damages based on an allegedly defective and inadequate shrimp feed it purchased. Id. The Supreme Court, applying the Riederer factors, upheld the dismissal, noting that the claim and damage accrued in Guatemala, the notable witnesses to the claim were

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

located there, the plaintiff did not cite witnesses in Missouri, and another forum was available to the plaintiff. Id. at 193. This dismissal was upheld even though defendant Ralston Purina's residence and principal place of business was located in the city of St. Louis, the court noting "the factor of residence of the defendant is not inevitably controlling." Id.

Finally, in Skewes v. Masterchem Indus., 164 S.W.3d 92 (Mo. App. E.D. 2005), the court upheld the dismissal for *forum non conveniens* of a Canadian plaintiff who was injured while using a Missouri Corporation's paint product while she was working in Canada. Although the plaintiff argued that the cause of action accrued in Missouri because the product was manufactured there, the Court determined that the product's origin had little impact on deciding whether Missouri was the proper forum. Id. at 95. Instead, the Court determined that the scene investigators, the witnesses, the accident scene, and plaintiff's co-workers and medical treatment outweighed the defendant being a Missouri corporation. Id.

## II.    The Riederer factors favor dismissal of this case

Application of the Riederer factors to the facts of this case demonstrate that dismissal pursuant to *forum non conveniens* is warranted. The only connection that this suit has with Mississippi County is the residence of Defendant Dowell. Defendant GG Barnett Transport, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin. Plaintiff is a resident of South Carolina. Most importantly, the accident in question occurred in Illinois.

### A.    Place of accrual of the cause of action

The cause of action in this case did not accrue in Missouri. Missouri law dictates that actions for negligence accrue when 'the damage resulting therefrom is sustained and is capable of ascertainment. *See* Mo. Rev. Stat. §516.100. Here, Plaintiff's cause of action did not accrue in

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

Missouri because the accident in which Plaintiff alleges he was involved and injured in, occurred in Illinois. Thus, the first <u>Riederer</u> factor weighs in favor of dismissal.

### B.      Location of witnesses

Plaintiff and Defendant GG Barnett are not residents of Missouri. Although Defendant Dowell is a resident of Charleston, Missouri, as the court held in <u>Acapalon Corp.</u> (supra), the factor of residence of a defendant is not inevitably controlling. Presumably, none of Plaintiff's medical providers who might have treated him after the accident are located in Missouri. Although the investigation is ongoing, there are likely numerous witnesses important to this litigation are located in Illinois, including first responders, Illinois State Police, investigators, and site cleanup personnel. Thus, because the witnesses to the accident and resulting accident scene are located in Illinois, this factor favors dismissal.

### C.      Residence of the parties

Although Defendant Dowell is a resident of Missouri, the other parties to the action are not. Defendant GG Barnett Transport is a Wisconsin corporation. As a carrier authorized to haul freight interstate, the Federal Motor Carrier Safety Administration (FMCSA) requires that an interstate motor carrier be subject to jurisdiction in any state where it commits an alleged tort. Pursuant to 49 CFR§366.4(a), the FMCSA requires GG Barnett Transport to have a registered agent for service of process in every jurisdiction where it operates. It is not alleged that Defendant GG Barnett nor Defendant Dowell committed any tort in Missouri. Rather, the alleged tort in this case was committed in Illinois.

Defendant Dowell's presence in Mississippi County fails to outweigh the fact that all other parties, incidents, and witnesses originate and exist outside of Missouri. Defendant

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

Dowell's availability to travel to Illinois will not be an issue as he has filed this motion. Like GG Barnett, a CDL licensed operator consents to the jurisdiction where a tort is alleged.

**D.      Any nexus with the place of suit**

Outside of the residence of Defendant Dowell, Plaintiff's cause of action has absolutely no nexus with Mississippi County, Missouri or any county in Missouri. Plaintiff has no connection to Mississippi County as he lives in South Carolina. The circumstances, accident scene and witnesses are not connected to Mississippi County, Missouri. Plaintiff was not injured in Mississippi County. Therefore, because there is no nexus between the occurrence that is the basis of the suit and Missouri, this factor weighs in favor of dismissal.

**E.      The public factor of the convenience to and burden upon the court**

Courts examine a variety of factors and circumstances for this factor, including court congestion, the local interest in having controversies decided at home, the avoidance of conflict in law or application of foreign law, and the unfairness of burdening citizens in an unrelated forum with jury duty. Anglim at 304. Missouri courts have recognized that foreign jurisdictions have a substantial interest in protecting its citizens from injury. Acapalon at 194. Here, the facts and circumstances of this case favor dismissal. The cause of action arose in Illinois. An Illinois court will have a greater interest in deciding the case locally where the accident occurred. Further, it would be unfair to burden Missouri citizens with jury regarding an accident that occurred in an unrelated, foreign forum.

Not only would it be unfair to burden Missouri citizens with jury duty for an accident unrelated to the forum, it would be further burdened by the potential of application of foreign law to the facts of the case. "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

particular issue, some other state has a more significant relationship under the principles stated in §6 to the occurrence of the parties, in which event the local law of the other state will be applied." Wilson v. Image Flooring, LLC, 400 S.W.3d 386, 397 (Mo. App. W.D. 2013)(citing Restatement (Second) of Conflict of Laws §146 (1971)). Here, the injury occurred in Illinois and Illinois has the more significant relationship to the action. Therefore, this factor favors dismissal due to the potential conflict and application of foreign laws, and the potential burden of the application of foreign laws would have on a Missouri jury.

**F.      The availability to plaintiff of another court with jurisdiction of the cause of affording a forum for plaintiff's remedy.**

An analysis of the sixth *forum non conveniens* factor also compels dismissal. Plaintiff may seek remedy in a court in Illinois, where the accident happened and where the witnesses and scene is located. As previously stated, Defendant Dowell and GG Transport are subject to the jurisdiction and venue of Illinois. Therefore, this case could and should be litigated where the cause of action arose.

## CONCLUSION

This action should be dismissed pursuant to the doctrine of *forum non conveniens*. The Riederer factors weigh strongly in favor of dismissal. As the location of the accident, Logan County, Illinois is a substantially more appropriate forum for this case to be litigated. The residents of Mississippi County, Missouri should not bear the burden of deciding a case that did not occur in the forum. Illinois has an interest in resolving this case locally because the events of the case occurred in Illinois. Therefore, this Court should find that the totality of the circumstances strongly favors dismissal in favor of an alternative, more convenient form.

WHEREFORE, Defendant Brandon M. Dowell, respectfully requests this Court to dismiss this cause of action pursuant to the doctrine of *forum non conveniens*, and for such other further relief as the Court deems just and proper.

Respectfully submitted,

ROBERTS PERRYMAN P.C.

/s/ Ted L. Perryman
Ted L. Perryman #28410
Korissa M. Zickrick #56069
Rachel L. Capel #67744
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
rcapel@robertsperryman.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of November, 2018, copies of the foregoing were served on the following counsel of record via the Court's ECF filing system:

Zane T. Cagle #53775
THE CAGLE LAW FIRM, LLC
500 North Broadway, Suite 1605
St. Louis, MO 63102
(314) 241-1700 Phone
(314) 241-1738 Fax
zane@caglellc.com
***Attorneys for Plaintiff***

/s/ Ted L. Perryman

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| JERRY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 18MI-CV00616 |
| | ) | |
| vs. | ) | |
| | ) | |
| GG BARNETT TRANSPORT, INC. and | ) | Division No. |
| BRANDON M. DOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT BRANDON M. DOWELL'S MOTION TO DISMISS

COMES NOW Defendant, Brandon M. Dowell, by and through his attorneys, Roberts Perryman, P.C., and moves this Court to dismiss Plaintiff's Petition against Defendant on the basis of *forum non conveniens*. Included with this Motion is the simultaneously filed Suggestions in Support. In support of his Motion, Defendant states as follows:

1.      Plaintiff Jerry Davis ("Plaintiff") filed his Petition on October 11, 2018, in the Mississippi County Circuit Court, alleging that Plaintiff was injured in a collision with a truck operated by Defendant Brandon M. Dowell ("Defendant" or "Dowell").

2.      Plaintiff is a resident of the State of South Carolina.

3.      Defendant Dowell is a resident of Charleston, Missouri.

4.      Defendant GG Barnett Transport, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin.

5.      The accident in question occurred in on Interstate 55 northbound in Logan County, Illinois on December 13, 2016.

6.      Based upon the doctrine of *forum non conveniens,* Defendant asserts that Mississippi County is not the proper venue for this action.

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

7.      Missouri Courts have long recognized the doctrine of *forum non conveniens*. *See* Chandler v. Multidata Sys. Int'l Corp., 163 S.W.3d 537 (Mo. App. E.D. 2005); Dalton v. Consolidated Rail Corp., 1988 Mo. App. LEXIS 1401 (Mo. App. E.D. 1988); Skewes v. Masterchem Indus., 164 S.W.3d 92 (Mo. App. E.D. 2005).

8.      Under this common law doctrine, the trial judge has the discretion to decline jurisdiction if the forum is inconvenient for the trial of the action and if a more appropriate forum is available to the plaintiff. Chandler, 163 S.W.3d at 545.

9.      Missouri trial courts are "obliged to give attention to the doctrine and to dismiss cases which have no tangible relationship to Missouri." Besse v. Mo. Pac. R.R. Co., 721 S.W.2d 740, 742 (Mo. 1986). The people of Missouri are not obliged to give attention to make their courts available for lawsuits in which there is no significant nexus. Id.

10.     The Missouri Supreme Court in State ex rel. Chicago, Rock Island & Pacific R.R. Co. v. Riederer, 454 S.W.2d 36 (Mo. 1970) (en banc) enumerated six important, but non-exclusive factors that trial courts should utilize as a guide when analyzing whether a case should be dismissed based on *forum non conveniens*:

> (1)     Place of accrual of the cause of action;
>
> (2)     Location of witnesses;
>
> (3)     Residence of the parties;
>
> (4)     Any nexus with the place of suit;
>
> (5)     The public factor of the convenience to and burden upon the court; and
>
> (6)     The availability to plaintiff of another court with jurisdiction of the cause of action affording a forum for plaintiff's remedy.

Page **2** of 4

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

Riederer, 454 S.W.2d at 39. The application of the doctrine is fact-intensive and the weight afforded to any particular factor is dependent on the circumstances of the case. Anglim v. Mo.Pac.R.Co., 832 S.W.2d 298, 302 (Mo. 1992).

11.    Here, as more fully explained in Defendant's Suggestions in Support, these factors favor dismissal because the accident occurred in Logan County, Illinois and the circumstances surrounding the accident are located in Logan County, Illinois.

12.    The witnesses, first responders, and police officers involved in this matter are located in Illinois.

13.    The only connection this case has with Mississippi County, Missouri is that Defendant Dowell resides in Mississippi County[1]; however, as more fully explained in Defendant's Suggestions in Support of his Motion to Dismiss, that fact does not provide a sufficient nexus to the forum.

14.    Defendant GG Barnett Transport is a Wisconsin corporation with its principal place of business in Wisconsin.  In this case, GG Barnett Transport did not employ Dowell, but did own the tractor and trailer being operated by Dowell at the time of the accident.  The Federal Motor Carrier Safety Administration (FMCSA) requires that an interstate motor carrier be subject to jurisdiction in any state where it commits an alleged tort. It is not alleged that Defendant GG Barnett nor Defendant Dowell committed any tort in Missouri. Rather, the alleged tort in this case was committed in Illinois.

15.    Defendant Dowell asserts that this action should be dismissed pursuant to the doctrine of *forum non conveniens* and, in further support of his Motion, Defendant incorporates by reference his Suggestions in Support of this Motion.

---

[1] Defendant Dowell notes that Plaintiff has filed a Motion for Change of Venue to St. Louis County, Missouri or Scott County, Missouri with this Court. Defendant has filed a separate Response in Opposition to Plaintiff's Motion for Change of Venue and maintains that any county in Missouri is an improper venue pursuant to the doctrine of *forum non conveniens*.

Electronically Filed - Mississippi - November 15, 2018 - 03:09 PM

WHEREFORE, Defendant Brandon M. Dowell, respectfully requests this Court to dismiss this cause of action pursuant to the doctrine of *forum non conveniens*, and for such other further relief as the Court deems just and proper.

Respectfully submitted,

ROBERTS PERRYMAN P.C.

/s/ Ted L. Perryman
Ted L. Perryman #28410
Korissa M. Zickrick #56069
Rachel Capel, #67744
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
rcapel@robertsperryman.com
**Attorneys for Defendant Dowell**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of November, 2018, copies of the foregoing were served on the following counsel of record via the Court's ECF filing system:

Zane T. Cagle #53775
THE CAGLE LAW FIRM, LLC
500 North Broadway, Suite 1605
St. Louis, MO 63102
(314) 241-1700 Phone
(314) 241-1738 Fax
zane@caglellc.com
**Attorneys for Plaintiff**

/s/ Ted L. Perryman

Electronically Filed - Mississippi - November 15, 2018 - 11:41 AM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

JERRY DAVIS,                              )
                                          )
            Plaintiffs,                   )      Cause No. 18MI-CV00616
                                          )
vs.                                       )
                                          )
GG BARNETT TRANSPORT, INC., and           )      Division No.
BRANDON M. DOWELL,                        )
                                          )
            Defendants.                   )

## ENTRY OF APPEARANCE

COMES NOW Rachel L. Capel with Roberts Perryman, P.C. and hereby enters her appearance on behalf of Defendant Brandon M. Dowell.

Respectfully submitted,

ROBERTS PERRYMAN P.C.

/s/ Rachel L. Capel
Ted L. Perryman #28410
Korissa M. Zickrick #56069
Rachel L. Capel #67744
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
rcapel@robertsperryman.com
**_Attorneys for Defendant Brandon M. Dowell_**

Electronically Filed - Mississippi - November 15, 2018 - 11:41 AM

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 15th day of November, 2018, copies of the foregoing were served on the following counsel of record via the court's ECF filing system:

Zane T. Cagle #53775
THE CAGLE LAW FIRM, LLC
500 North Broadway, Suite 1605
St. Louis, MO 63102
(314) 241-1700 Phone
(314) 241-1738 Fax
zane@caglellc.com
*Attorneys for Plaintiff*

/s/ Rachel L. Capel

Electronically Filed - Mississippi - November 15, 2018 - 11:06 AM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| JERRY DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 18MI-CV00616 |
| | ) | |
| vs. | ) | |
| | ) | |
| GG BARNETT TRANSPORT, INC., and | ) | Division No. |
| BRANDON M. DOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Korissa M. Zickrick with Roberts Perryman, P.C. and hereby

enters her appearance on behalf of Defendant Brandon M. Dowell.


Respectfully submitted,

ROBERTS PERRYMAN P.C.


/s/ Korissa M. Zickrick
Ted L. Perryman #28410
Korissa M. Zickrick #56069
Rachel L. Capel #67744
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
rcapel@robertsperryman.com
*Attorneys for Defendant Brandon M. Dowell*

Electronically Filed - Mississippi - November 15, 2018 - 11:06 AM

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 15th day of November, 2018, copies of the foregoing were served on the following counsel of record via the court's ECF filing system:

Zane T. Cagle #53775
THE CAGLE LAW FIRM, LLC
500 North Broadway, Suite 1605
St. Louis, MO 63102
(314) 241-1700 Phone
(314) 241-1738 Fax
zane@caglellc.com
*Attorneys for Plaintiff*

/s/ Korissa M. Zickrick

Electronically Filed - Mississippi - November 15, 2018 - 11:03 AM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

JERRY DAVIS,                          )
                                      )
            Plaintiffs,               )        Cause No. 18MI-CV00616
                                      )
vs.                                   )
                                      )
GG BARNETT TRANSPORT, INC., and       )        Division No.
BRANDON M. DOWELL,                    )
                                      )
            Defendants.               )

## ENTRY OF APPEARANCE

COMES NOW Ted L. Perryman with Roberts Perryman, P.C. and hereby enters his appearance on behalf of Defendant Brandon M. Dowell.

Respectfully submitted,

ROBERTS PERRYMAN P.C.

/s/ Ted L. Perryman
Ted L. Perryman #28410
Korissa M. Zickrick #56069
Rachel L. Capel #67744
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850 Phone
(314) 421-4346 Fax
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
rcapel@robertsperryman.com
***Attorneys for Defendant Brandon M. Dowell***

Electronically Filed - Mississippi - November 15, 2018 - 11:03 AM

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of November, 2018, copies of the foregoing were served on the following counsel of record via the court's ECF filing system:

Zane T. Cagle #53775
THE CAGLE LAW FIRM, LLC
500 North Broadway, Suite 1605
St. Louis, MO 63102
(314) 241-1700 Phone
(314) 241-1738 Fax
zane@caglellc.com
***Attorneys for Plaintiff***

/s/ Ted L. Perryman

Electronically Filed - Mississippi - October 22, 2018 - 08:05 AM

*Return*



## IN THE 33RD JUDICIAL CIRCUIT, MISSISSIPPI COUNTY, MISSOURI

| Judge or Division:<br>DAVID ANDREW DOLAN | Case Number:  18MI-CV00616 |
|---|---|
| Plaintiff/Petitioner:<br>JERRY DAVIS | Plaintiff's/Petitioner's Attorney/Address<br>ZANE THOMAS CAGLE<br>500 N BROADWAY<br>STE 1605<br>ST LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br>GG BARNETT TRANSPORT, INC | Court Address:<br>P.O. BOX 369<br>CHARLESTON, MO  63834 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

**RECEIVED**

OCT 1 5 2018

### Summons in Civil Case

**The State of Missouri to:** BRANDON M DOWELL
**Alias:**

**404 SOUTH VIRGINIA STREET**
**CHARLESTON, MO  63834-2035**

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**MISSISSIPPI COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10/11/2018_____          ___/S/ DOTTIE MCKENZIE_____
Date                                           Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☒ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with Katrina Dowell (wife), a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____

Served at   404 S Virginia St                                                  (address)
in   Mississippi   (County/City of St. Louis), MO, on   10-16-18   (date) at   20:21   (time).

Jonathan Hall 355                                    _Jonathan Hall_ 355
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

**(Seal)**

My commission expires: _____          _____
Date                              Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*355*



### IN THE 33RD JUDICIAL CIRCUIT, MISSISSIPPI COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID ANDREW DOLAN | **Case Number:  18MI-CV00616** |
| Plaintiff/Petitioner:<br>JERRY DAVIS | Plaintiff's/Petitioner's Attorney/Address<br>ZANE THOMAS CAGLE<br>500 N BROADWAY<br>STE 1605<br>ST LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br> GG BARNETT TRANSPORT, INC | Court Address:<br>P.O. BOX 369<br>CHARLESTON, MO  63834 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:  BRANDON M DOWELL**<br>**Alias:** | |

**404 SOUTH VIRGINIA STREET**
**CHARLESTON, MO  63834-2035**

*COURT SEAL OF*

*MISSISSIPPI COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____10/11/2018_____        _____/S/ DOTTIE MCKENZIE_____
                    Date                                                                      Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____        _____
            Date                                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Mississippi - October 11, 2018 - 04:02 PM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

JERRY DAVIS )
 )
       Plaintiff, ) Cause No.: 18MI-CV00616
v. )
 )
G.G. BARNETT TRANSPORT, INC.; & )
BRANDON M. DOWELL )
 )
 )
       Defendants. )

## MOTION FOR CHANGE OF VENUE

COMES NOW Plaintiff, Jerry Davis (hereinafter "Plaintiff") by and through his

attorneys' of record The Cagle Law Firm, LLC and states to this Honorable Court as follows:

1.   Mississippi County has less than 75,000 inhabitants.

2.   Plaintiff request change of venue pursuant to Rule 51.03 V.A.M.R. (2018).

3.   Plaintiff hereby makes suggestions to where this case should be sent which is

"convenient to the parties" is the Circuit Court of St. Louis County or the Circuit Court of Scott

County, State of Missouri.

WHEREFORE Plaintiff prays this Court enter an order transferring venue of this case to

another county and for such other relief this Court deems just and proper under the

circumstances.

               **Respectfully Submitted,**
               **THE CAGLE LAW FIRM, LLC**
               **By _____**
               **Zane T. Cagle, MO #53775**
               500 North Broadway, Ste. 1605
               St. Louis, MO  63102
               Phone: (314) 241-1700/Fax: (314) 241-1738
               Email: zane@caglellc.com
               *Attorneys for Plaintiff*

Electronically Filed - Mississippi - October 11, 2018 - 04:02 PM

## CERTIFICATE OF SERVICE

This hereby certifies that a copy of the foregoing was served upon the attorneys of record below via electronic filing with this Court on this 11th day of October, 2018:

By_____

**Zane Cagle, MO #53775**

**18MI-CV00616**

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

JERRY DAVIS              )
                                )
       Plaintiff,       )    Cause No.:
                                )
v.                        )    Division:
                                )
GG BARNETT TRANSPORT, INC.; &   )    **Plaintiff Requests Jury Trial On**
BRANDON M. DOWELL      )    **All Counts**
                                )
                                )
       Defendants.    )

## PETITION

COMES NOW Plaintiff, Jerry Davis (hereinafter "Plaintiff") by and through his attorneys' of record The Cagle Law Firm, LLC and for his cause of action against the Defendant GG Barnett Transport, Inc. (hereinafter referred to as "Defendant"); Defendant Brandon M. Dowell (hereinafter referred to as "Dowell") and states to this Honorable Court as follows:

## FACTS COMMON TO ALL COUNTS

1.     Plaintiff is and at all times stated herein an individual, citizen, and resident of the State of South Carolina.

2.     Defendant is foreign corporation formed under the laws of the State of Illinois with its principal place of business located at W7530 County South; Juneau, Wisconsin 53039.

3.     Defendant may be served through its registered agent, Gregory G. Barnett at W7530 County South; Juneau, Wisconsin 53039.

4.     Dowell is and at all times stated herein an individual, citizen, and resident of the State of Missouri.

5.     Dowell may be severed at his residence located at 404 South Virginia Street; Charleston, Missouri 63834-2035.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

6.      That the time of incident alleged herein Defendant was engaged in business of interstate commerce and trucking throughout Illinois, Missouri, and other states.

7.      As a company and/or corporation, Defendant, acts through its officers, agents, servants, and/or employees.  Any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Defendant.

8.      At all times herein mentioned and at the time of this crash, Defendant, was acting individually and through its agents, servants, and/or employees, including but not limited to Co-Defendant Dowell, each of whom were acting within the course and scope of his employment with Defendant at the time of this crash.

9.      Defendant individually, and through its agents, servants, and employees including but not limited the Co-Defendant, Dowell , were at the time of the crash alleged herein engaging in the business of a motor carrier in both intrastate and interstate commerce on Interstate 55 (hereinafter referred to as "I-55") in Logan County, State of Illinois.

10.     I-55 as described herein are much traveled, open and publicly dedicated state highways and thoroughfare in Logan County, State of Illinois.

11.     Both Illinois and Missouri has adopted the Federal Motor Carrier Safety Regulations.

12.     At all times herein mentioned and at the time of this crash, Defendant is/was an interstate common carrier, motor carrier, and trucking transport company subject to the Federal Motor Carrier Safety Regulations.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

13.     Defendant and its agents, servants, and employees including, but not limited to Co-Defendant Dowell, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to, the sections thereof set forth herein.

14.     At all times herein mentioned Defendant was acting individually and through its agents, servants, and/or employees, including but not limited to Co-Defendant, Dowell.

15.     At all times herein mentioned, Dowell was hired by Defendant to drive a commercial motor vehicle and was directed by Defendant to transport various loads in interstate commerce.

16.     Defendant is vicariously liable for the acts and omissions of Co-Defendant, Dowell as its agent, servant, and employee.

17.     At all times herein mentioned, and at the time of the alleged incident, Defendant, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the 2007 Volvo, VIN#4V4NC9TH97N451237.

18.     The incident alleged herein occurred on or about December 13, 2016, at approximately 12:25 a.m. on northbound I-55 near milepost 139 in Logan County, State of Illinois.

19.     On December 13, 2016, Defendant was the owner of a tractor trailer (2007 Volvo, VIN#4V4NC9TH97N451237) traveling northbound on I-55.

20.      On December 13, 2016, Dowell, was the operator tractor trailer alleged herein as an agent, servant, and/or employee of the Defendant.

21.     On December 13, 2016, at approximately 12:25 a.m., Plaintiff was traveling northbound on I-55 in the right hand lane in his 2007 International Tractor (VIN#2HSCNAPR27C345954).

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

22.     At the above stated date and time, the tractor trailer operated by Dowell as Defendant's agent, servant, and/or employee was traveling northbound on I-55, when Dowell switched and/or changed from the left hand lane into the right hand lane in which Plaintiff was traveling striking the rear left portion of Plaintiff's vehicle causing him to spin out of control.

23.     Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this crash and Defendants negligent acts and omissions all of which are more fully set forth herein.

24.     The incident and crash described above was a federally recordable and State reportable event against Defendant and its agent, servant, and employee, including but not limited to Dowell.

25.     The negligent acts and omissions of Defendant, and the negligence of its agents, servants, and employees including but not limited to Co-Defendant Dowell, as described herein, directly and proximately, caused or contributed to cause injury to Plaintiff, which includes severe injuries to his head, neck, back, and spine including the muscles and ligaments attached thereto.

26.      All of Plaintiff's injuries described above are painful, permanent and disabling.

27.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, ability to enjoy life has been permanently impaired.

28.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff was caused to undergo necessary medical care and treatment *in excess* of Ten Thousand Dollars ($10,000.00) to date.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

29.   As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff will be further obligated to undergo such care and treatment in the future in an amount that is not currently fully known, but is reasonably expected to be substantial including but not limited to a surgical procedure to his spine.

30.   As a direct and proximate result of this incident and as a direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff has loss wages in an amount undetermined at this time.

31.   As a direct and proximate result of this incident and as a direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff will suffer future loss wages, and an impaired ability to obtain gainful employment and as such will have diminished earning capacity in the future.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

## JURISDICTIONAL & VENUE ALLEGATIONS

32.   Venue is proper with this Court pursuant to RSMo. § 508.010.2(3) since the case involves several defendant, some residents and others nonresidents of the State of Missouri and since Dowell is a resident and citizen of Mississippi County, State of Missouri.  Moreover, this

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

Court has jurisdiction over this matter as Dowell is a citizen of Missouri and Defendant conducts business and interstate trucking throughout the State of Missouri.

### COUNT I
### NEGLIGENCE
### AGAINST DEFENDANT GG BARNETT TRANSPORT, INC.

COMES NOW Plaintiff, Jerry Davis, by and through his counsel and for Count I of his Petition against Defendant GG Barnett Transport, Inc. (hereinafter "Defendant"), and restates and realleges paragraphs 1 through 32 in an addition states to this Honorable Court as follows:

33.     That the time of the incident and at all times alleged herein, Dowell, was acting in the course and scope of his employment with Defendant, as a tractor trailer driver, agent, servant, and employee, and Defendant is vicariously liable for the actions of Dowell, its agent, servant, and employee.

34.     That on December 13, 2016, at the time of this crash, Dowell was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant, and all of the acts of negligence on the part of Dowell were committed within the course and scope of his agency and employment of, with and for Defendant.

35.     That on December 13, 2016, Defendant through its agents, servants, and employees including but not limited to Co-Defendant Dowell was negligent, careless, and breached its duty of care to the general public and Plaintiff on the date alleged herein in the following respects:

a) Failed to ensure that they had adequate line-of-sight of other vehicles;

b) Failed to keep a proper lookout;

c) Failed to take proper remedial actions which could have avoided this collision or minimized the impact;

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

d) Drove at an unsafe, excessive and/or dangerous rate of speed under the circumstances existing at the time;

e) Operated the tractor trailer without adequate training and experience;

f) Failed to have the tractor trailer under proper control;

g) Failed to stay in the proper lane on the roadway;

h) Failed to properly maintenance or repair said tractor trailer prior to the crash;

i) Failed to conduct a pre-trip inspection of the tractor trailer;

j) Failed to signal before attempting a lane change on a public roadway;

k) Drove while tired and/or fatigued;

l) Failed to yield;

m) Operated the tractor trailer too fast for the conditions existing at the time and place of the incident;

n) Operated Defendants' tractor trailer over the amount of hours allowed by the Federal Motor Carrier Safety Regulations;

o) Failed to keep a lookout ahead and laterally ahead while operating the tractor trailer;

p) Operated said tractor trailer when it was not safe to do so;

q) Failed to stay in designated lane of traffic;

r) Failed to warn Plaintiff of the attempt to change lanes;

s) Allowed the tractor trailer to strike enter Plaintiff's lane when it was not safe to do so and struck Plaintiff's motor vehicle causing it to spine out of control;

t) Failed to properly train and qualify Co-Defendant Dowell to make sure it is safe to complete a lane change on a public roadway;

u) Failed to properly train and qualify Co-Defendant Dowell to signal and/or check mirrors, and/or check blind spots when attempting a lane change on a public roadway; and

v) Failed to exercise the highest duty of care owed to Plaintiff and the public in the operation of the tractor trailer.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

36.     On said date, while in the course and scope of his employment with Defendant, Dowell, failed to be diligent at all times and failed to exercise the highest duty of care when he failed to keep a lookout, failed to signal, and swerved into Plaintiff's designated lane of I-5 striking Plaintiff's motor vehicle causing Plaintiff's injuries and damages more fully set forth herein.

37.     Each of the negligent acts or omissions by Defendant and Dowell, and each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

38.     As a direct and proximate result of the negligence of Defendant and Dowell, either solely, individually, or jointly, severally and in combination with the negligence of each other, as set forth and alleged herein and hereinafter, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

39.     Defendant knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury.

40.     Defendant in allowing Dowell to operate the tractor trailer in the manner in which it was operated on the public roadways, was willful, wanton, reckless and intentional, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

41.      Because of Defendant's willful, wanton, reckless and intentional behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

42.      Defendant's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

43.      Defendant's violations of numerous Missouri statutes and/or traffic law and Federal Motor Carrier Safety Regulations as described herein caused or contributed to cause the crash alleged herein.

44.      Defendant's history of Federal Motor Carrier Safety Regulation violations and at the time of this crash in allowing it driver to operate a commercial motor vehicle while not being properly qualified and other applicable Federal Regulations shows a complete indifference to and conscious disregard for the safety of the motoring public including Plaintiff.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

## COUNT II
## NEGLIGENT HIRING, TRAINING, SUPERVISING & RETAINING
## AGAINST DEFENDANT GG BARNETT TRANSPORT, INC.

COME NOW Plaintiff by and through his counsel and for Count II of his Petition against Defendant and restates and realleges paragraphs 1 through 44 and in an addition states to this Honorable Court as follows:

45.      Defendant owed the general public, including but not limited to Plaintiff, a duty to properly, diligently and adequately screen potential drivers in order to determine the qualifications of its agents, servants, and employees, and such duties include, but are not limited to:

      a.      Adequately evaluating applicants before hiring them as truck drivers and agents, servants, and employees;

      b.      Adequately training and supervising said agents, servants, and employees; and

      c.      Adequately evaluating the employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property.

46.      Defendant owed the general public, including Plaintiff, a duty to see, confirm and require that Dowell's employment application was truthfully, accurately and fully completed.

47.      Pursuant to the Federal Motor Carrier Safety Regulations, Defendant, owed the general public, including Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

      a.      Adequately evaluating Co-Defendant Dowell's performance, including thorough training and supervision, and to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he injured the public or property;

      b.      Ensure that Co-Defendant Dowell was properly licensed and qualified to operate a commercial motor vehicle;

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

    c.    Ensure that Co-Defendant Dowell was instructed on how to properly perform a lane change; and

    d.    Ensure that Co-Defendant Dowell was instructed on the rules of the road including, but not limited to the Federal Motor Carrier Safety Regulations and Missouri Traffic Regulations.

48.    Defendant had a duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles.

49.    Defendant breached its duty to the general public, including the Plaintiff, by their negligent and careless hiring, training, supervising, and retaining Co-Defendant Dowell as its' agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash.

50.    Defendant failed to properly train their agents, servants and employees, including Co-Defendant Dowell, in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of a commercial motor vehicle and trailer.

51.    Defendant failed to properly instruct and train their agents, servants, and employees (including Co-Defendant Dowell) how to properly and safely operate the tractor trailer Dowell was driving at the time of this crash.

52.    Defendant failed to provide safety courses to their agents, servants, and employees (including Co-Defendant Dowell) on how to safely operate, inspect, and maintain Defendant's tractor trailer.

53.    Defendant failed to provide continuing safety courses to their agents, servants, and employees (including Co-Defendant, Dowell) on trucking safety issues.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

54.     Because of Defendant's willful, wanton, reckless and intentional behavior, and in failing to ensure their drivers were properly trained and certified was a conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

55.     Defendant's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

56.     Defendant's violations of numerous Illinois statutes and/or traffic law and Federal Motor Carrier Safety Regulations as described herein caused or contributed to cause the crash alleged herein.

57.     Defendant's history of Federal Motor Carrier Safety Regulation violations and at the time of this crash in allowing its driver to operate a commercial motor vehicle while not being properly qualified and other applicable Federal Regulations shows a complete indifference to and conscious disregard for the safety of the motoring public including Plaintiff.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

## COUNT III
## NEGLIGENCE
## AGAINST DEFENDANT BRANDON M. DOWELL

COME NOW Plaintiff, by and through his counsel and for Count III of his Petition against Brandon M. Dowell (hereinafter referred to as "Dowell") and restates and realleges paragraphs 1 through 33 in an addition states to the Court as follows:

58.     That the time of the incident and at all times alleged herein, Defendant, Dowell was acting in the course and scope of his employment with Defendant.

59.     That on December 13, 2016, at the time of this crash, Dowell was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant, and all of the acts of negligence on the part of Dowell were committed within the course and scope of his agency and employment of, with and for Defendant.

60.     That on December 13, 2016, Dowell was negligent, careless, and breached his duty of care to the general public and Plaintiff on the date alleged herein in the following respects:

a)  Failed to ensure that they had adequate line-of-sight of other vehicles;

b)  Failed to keep a proper lookout;

c)  Failed to take proper remedial actions which could have avoided this collision or minimized the impact;

d)  Drove at an unsafe, excessive and/or dangerous rate of speed under the circumstances existing at the time;

e)  Operated the tractor trailer without adequate training and experience;

f)  Failed to have the tractor trailer under proper control;

g)  Failed to stay in the proper lane on the roadway;

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

h)  Failed to properly maintenance or repair said tractor trailer prior to the crash;

i)  Failed to conduct a pre-trip inspection of the tractor trailer;

j)  Failed to signal prior to attempting to change lanes on a public roadway;

k)  Drove while tired and/or fatigued and/or while distracted using a cellular telephone and/or mobile device;

l)  Failed to yield the right-of-way;

m)  Operated the tractor trailer too fast for the conditions existing at the time and place of the incident;

n)  Allowed the tractor trailer to be operated when it exceed the maximum weight limit;

o)  Operated said tractor trailer when not qualified to operate a commercial motor vehicle pursuant to the Federal Motor Carrier Safety Regulations and/or Missouri law;

p)  Operated tractor trailer over the amount of hours allowed by the Federal Motor Carrier Safety Regulations on a public roadway;

q)  Failed to keep a lookout ahead and laterally ahead while operating the tractor trailer;

r)  Operated said tractor trailer when it was not safe to do so;

s)  Failed to stay in his lane and without warning swerved into Plaintiff's portion of the roadway and/or lane and struck Plaintiff's motor vehicle causing him to lose control of said vehicle;

t)  Failed to warn Plaintiff that his vehicle was about to be struck;

u)  Allowed the tractor trailer to strike enter Plaintiff's lane when it was not safe to do so striking Plaintiff's vehicle causing him to lose control; and

v)  Failed to exercise the highest duty of care owed to Plaintiff and the public in the operation of the tractor trailer.

61.     On said date, while in the course and scope of his employment with Defendant, Dowell failed to be diligent at all times and failed to exercise the highest duty of care when he failed to keep a lookout, failed to signal, and swerved into Plaintiff's lane and/or portion of the roadway, striking Plaintiff's motor vehicle.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

62.     Each of the negligent acts or omissions by Dowell was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

63.     As a direct and proximate result of the negligence of Dowell as set forth and alleged herein and hereinafter, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

64.     Dowell knew or had information from which he, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury.

65.     Dowell knew or had information from which he, in the exercise of ordinary care, should have known that the manner in which he operated said tractor trailer as described herein on a public roadway was operating in violation of the law and this behavior and conduct was reckless and intentional and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

66.     Dowell to operate the tractor trailer in the manner in which it was operated on the public roadways, was willful, wanton, reckless and intentional, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

67.     Because of Dowell's willful, wanton, reckless and intentional behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Dowell and to deter others from similar conduct.

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

68.     Dowell's reckless and intentional behavior, and his complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

69.     Dowell's violations of numerous Missouri statutes and/or traffic law and Federal Motor Carrier Safety Regulations as described herein caused or contributed to cause the crash alleged herein.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM, LLC**

By_____
**Zane T. Cagle, MO #53775**
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
Email: zane@caglellc.com
*Attorneys for Plaintiff*