IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY
STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

| | |
|---|---|
| JERRY DAVIS ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| v. ) | |
| ) | Division: |
| GG BARNETT TRANSPORT, INC.; & ) | |
| BRANDON M. DOWELL ) | **Plaintiff Requests Jury Trial On** |
| ) | **All Counts** |
| ) | |
| Defendants. ) | |

## PETITION

COMES NOW Plaintiff, Jerry Davis (hereinafter "Plaintiff") by and through his attorneys' of record The Cagle Law Firm, LLC and for his cause of action against the Defendant GG Barnett Transport, Inc. (hereinafter referred to as "Defendant"); Defendant Brandon M. Dowell (hereinafter referred to as "Dowell") and states to this Honorable Court as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff is and at all times stated herein an individual, citizen, and resident of the State of South Carolina.

2. Defendant is foreign corporation formed under the laws of the State of Illinois with its principal place of business located at W7530 County South; Juneau, Wisconsin 53039.

3. Defendant may be served through its registered agent, Gregory G. Barnett at W7530 County South; Juneau, Wisconsin 53039.

4. Dowell is and at all times stated herein an individual, citizen, and resident of the State of Missouri.

5. Dowell may be severed at his residence located at 404 South Virginia Street; Charleston, Missouri 63834-2035.

6. That the time of incident alleged herein Defendant was engaged in business of interstate commerce and trucking throughout Illinois, Missouri, and other states.

7. As a company and/or corporation, Defendant, acts through its officers, agents, servants, and/or employees. Any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Defendant.

8. At all times herein mentioned and at the time of this crash, Defendant, was acting individually and through its agents, servants, and/or employees, including but not limited to Co-Defendant Dowell, each of whom were acting within the course and scope of his employment with Defendant at the time of this crash.

9. Defendant individually, and through its agents, servants, and employees including but not limited the Co-Defendant, Dowell, were at the time of the crash alleged herein engaging in the business of a motor carrier in both intrastate and interstate commerce on Interstate 55 (hereinafter referred to as "I-55") in Logan County, State of Illinois.

10. I-55 as described herein are much traveled, open and publicly dedicated state highways and thoroughfare in Logan County, State of Illinois.

11. Both Illinois and Missouri has adopted the Federal Motor Carrier Safety Regulations.

12. At all times herein mentioned and at the time of this crash, Defendant is/was an interstate common carrier, motor carrier, and trucking transport company subject to the Federal Motor Carrier Safety Regulations.

13. Defendant and its agents, servants, and employees including, but not limited to Co-Defendant Dowell, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to, the sections thereof set forth herein.

14. At all times herein mentioned Defendant was acting individually and through its agents, servants, and/or employees, including but not limited to Co-Defendant, Dowell.

15. At all times herein mentioned, Dowell was hired by Defendant to drive a commercial motor vehicle and was directed by Defendant to transport various loads in interstate commerce.

16. Defendant is vicariously liable for the acts and omissions of Co-Defendant, Dowell as its agent, servant, and employee.

17. At all times herein mentioned, and at the time of the alleged incident, Defendant, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the 2007 Volvo, VIN#4V4NC9TH97N451237.

18. The incident alleged herein occurred on or about December 13, 2016, at approximately 12:25 a.m. on northbound I-55 near milepost 139 in Logan County, State of Illinois.

19. On December 13, 2016, Defendant was the owner of a tractor trailer (2007 Volvo, VIN#4V4NC9TH97N451237) traveling northbound on I-55.

20. On December 13, 2016, Dowell, was the operator tractor trailer alleged herein as an agent, servant, and/or employee of the Defendant.

21. On December 13, 2016, at approximately 12:25 a.m., Plaintiff was traveling northbound on I-55 in the right hand lane in his 2007 International Tractor (VIN#2HSCNAPR27C345954).

22. At the above stated date and time, the tractor trailer operated by Dowell as Defendant's agent, servant, and/or employee was traveling northbound on I-55, when Dowell switched and/or changed from the left hand lane into the right hand lane in which Plaintiff was traveling striking the rear left portion of Plaintiff's vehicle causing him to spin out of control.

23. Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this crash and Defendants negligent acts and omissions all of which are more fully set forth herein.

24. The incident and crash described above was a federally recordable and State reportable event against Defendant and its agent, servant, and employee, including but not limited to Dowell.

25. The negligent acts and omissions of Defendant, and the negligence of its agents, servants, and employees including but not limited to Co-Defendant Dowell, as described herein, directly and proximately, caused or contributed to cause injury to Plaintiff, which includes severe injuries to his head, neck, back, and spine including the muscles and ligaments attached thereto.

26. All of Plaintiff's injuries described above are painful, permanent and disabling.

27. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, ability to enjoy life has been permanently impaired.

28. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff was caused to undergo necessary medical care and treatment *in excess* of Ten Thousand Dollars ($10,000.00) to date.

29. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff will be further obligated to undergo such care and treatment in the future in an amount that is not currently fully known, but is reasonably expected to be substantial including but not limited to a surgical procedure to his spine.

30. As a direct and proximate result of this incident and as a direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff has loss wages in an amount undetermined at this time.

31. As a direct and proximate result of this incident and as a direct and proximate result of the negligence of Defendant, and its agents, servants, and employees including but not limited to Co-Defendant Dowell, Plaintiff will suffer future loss wages, and an impaired ability to obtain gainful employment and as such will have diminished earning capacity in the future.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

## JURISDICTIONAL & VENUE ALLEGATIONS

32. Venue is proper with this Court pursuant to RSMo. § 508.010.2(3) since the case involves several defendant, some residents and others nonresidents of the State of Missouri and since Dowell is a resident and citizen of Mississippi County, State of Missouri. Moreover, this

Court has jurisdiction over this matter as Dowell is a citizen of Missouri and Defendant conducts business and interstate trucking throughout the State of Missouri.

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANT GG BARNETT TRANSPORT, INC.**

COMES NOW Plaintiff, Jerry Davis, by and through his counsel and for Count I of his Petition against Defendant GG Barnett Transport, Inc. (hereinafter "Defendant"), and restates and realleges paragraphs 1 through 32 in an addition states to this Honorable Court as follows:

33. That the time of the incident and at all times alleged herein, Dowell, was acting in the course and scope of his employment with Defendant, as a tractor trailer driver, agent, servant, and employee, and Defendant is vicariously liable for the actions of Dowell, its agent, servant, and employee.

34. That on December 13, 2016, at the time of this crash, Dowell was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant, and all of the acts of negligence on the part of Dowell were committed within the course and scope of his agency and employment of, with and for Defendant.

35. That on December 13, 2016, Defendant through its agents, servants, and employees including but not limited to Co-Defendant Dowell was negligent, careless, and breached its duty of care to the general public and Plaintiff on the date alleged herein in the following respects:

   a) Failed to ensure that they had adequate line-of-sight of other vehicles;

   b) Failed to keep a proper lookout;

   c) Failed to take proper remedial actions which could have avoided this collision or minimized the impact;

d) Drove at an unsafe, excessive and/or dangerous rate of speed under the circumstances existing at the time;

e) Operated the tractor trailer without adequate training and experience;

f) Failed to have the tractor trailer under proper control;

g) Failed to stay in the proper lane on the roadway;

h) Failed to properly maintenance or repair said tractor trailer prior to the crash;

i) Failed to conduct a pre-trip inspection of the tractor trailer;

j) Failed to signal before attempting a lane change on a public roadway;

k) Drove while tired and/or fatigued;

l) Failed to yield;

m) Operated the tractor trailer too fast for the conditions existing at the time and place of the incident;

n) Operated Defendants' tractor trailer over the amount of hours allowed by the Federal Motor Carrier Safety Regulations;

o) Failed to keep a lookout ahead and laterally ahead while operating the tractor trailer;

p) Operated said tractor trailer when it was not safe to do so;

q) Failed to stay in designated lane of traffic;

r) Failed to warn Plaintiff of the attempt to change lanes;

s) Allowed the tractor trailer to strike enter Plaintiff's lane when it was not safe to do so and struck Plaintiff's motor vehicle causing it to spine out of control;

t) Failed to properly train and qualify Co-Defendant Dowell to make sure it is safe to complete a lane change on a public roadway;

u) Failed to properly train and qualify Co-Defendant Dowell to signal and/or check mirrors, and/or check blind spots when attempting a lane change on a public roadway; and

v) Failed to exercise the highest duty of care owed to Plaintiff and the public in the operation of the tractor trailer.

36. On said date, while in the course and scope of his employment with Defendant, Dowell, failed to be diligent at all times and failed to exercise the highest duty of care when he failed to keep a lookout, failed to signal, and swerved into Plaintiff's designated lane of I-5 striking Plaintiff's motor vehicle causing Plaintiff's injuries and damages more fully set forth herein.

37. Each of the negligent acts or omissions by Defendant and Dowell, and each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

38. As a direct and proximate result of the negligence of Defendant and Dowell, either solely, individually, or jointly, severally and in combination with the negligence of each other, as set forth and alleged herein and hereinafter, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

39. Defendant knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury.

40. Defendant in allowing Dowell to operate the tractor trailer in the manner in which it was operated on the public roadways, was willful, wanton, reckless and intentional, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

41. Because of Defendant's willful, wanton, reckless and intentional behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

42. Defendant's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

43. Defendant's violations of numerous Missouri statutes and/or traffic law and Federal Motor Carrier Safety Regulations as described herein caused or contributed to cause the crash alleged herein.

44. Defendant's history of Federal Motor Carrier Safety Regulation violations and at the time of this crash in allowing it driver to operate a commercial motor vehicle while not being properly qualified and other applicable Federal Regulations shows a complete indifference to and conscious disregard for the safety of the motoring public including Plaintiff.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## NEGLIGENT HIRING, TRAINING, SUPERVISING & RETAINING AGAINST DEFENDANT GG BARNETT TRANSPORT, INC.

COME NOW Plaintiff by and through his counsel and for Count II of his Petition against Defendant and restates and realleges paragraphs 1 through 44 and in an addition states to this Honorable Court as follows:

45. Defendant owed the general public, including but not limited to Plaintiff, a duty to properly, diligently and adequately screen potential drivers in order to determine the qualifications of its agents, servants, and employees, and such duties include, but are not limited to:

    a. Adequately evaluating applicants before hiring them as truck drivers and agents, servants, and employees;

    b. Adequately training and supervising said agents, servants, and employees; and

    c. Adequately evaluating the employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property.

46. Defendant owed the general public, including Plaintiff, a duty to see, confirm and require that Dowell's employment application was truthfully, accurately and fully completed.

47. Pursuant to the Federal Motor Carrier Safety Regulations, Defendant, owed the general public, including Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

    a. Adequately evaluating Co-Defendant Dowell's performance, including thorough training and supervision, and to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he injured the public or property;

    b. Ensure that Co-Defendant Dowell was properly licensed and qualified to operate a commercial motor vehicle;

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

    c.    Ensure that Co-Defendant Dowell was instructed on how to properly perform a lane change; and

    d.    Ensure that Co-Defendant Dowell was instructed on the rules of the road including, but not limited to the Federal Motor Carrier Safety Regulations and Missouri Traffic Regulations.

48. Defendant had a duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles.

49. Defendant breached its duty to the general public, including the Plaintiff, by their negligent and careless hiring, training, supervising, and retaining Co-Defendant Dowell as its' agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash.

50. Defendant failed to properly train their agents, servants and employees, including Co-Defendant Dowell, in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of a commercial motor vehicle and trailer.

51. Defendant failed to properly instruct and train their agents, servants, and employees (including Co-Defendant Dowell) how to properly and safely operate the tractor trailer Dowell was driving at the time of this crash.

52. Defendant failed to provide safety courses to their agents, servants, and employees (including Co-Defendant Dowell) on how to safely operate, inspect, and maintain Defendant's tractor trailer.

53. Defendant failed to provide continuing safety courses to their agents, servants, and employees (including Co-Defendant, Dowell) on trucking safety issues.

54. Because of Defendant's willful, wanton, reckless and intentional behavior, and in failing to ensure their drivers were properly trained and certified was a conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

55. Defendant's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

56. Defendant's violations of numerous Illinois statutes and/or traffic law and Federal Motor Carrier Safety Regulations as described herein caused or contributed to cause the crash alleged herein.

57. Defendant's history of Federal Motor Carrier Safety Regulation violations and at the time of this crash in allowing its driver to operate a commercial motor vehicle while not being properly qualified and other applicable Federal Regulations shows a complete indifference to and conscious disregard for the safety of the motoring public including Plaintiff.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT III
## NEGLIGENCE
## AGAINST DEFENDANT BRANDON M. DOWELL

COME NOW Plaintiff, by and through his counsel and for Count III of his Petition against Brandon M. Dowell (hereinafter referred to as "Dowell") and restates and realleges paragraphs 1 through 33 in an addition states to the Court as follows:

58.  That the time of the incident and at all times alleged herein, Defendant, Dowell was acting in the course and scope of his employment with Defendant.

59.  That on December 13, 2016, at the time of this crash, Dowell was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant, and all of the acts of negligence on the part of Dowell were committed within the course and scope of his agency and employment of, with and for Defendant.

60.  That on December 13, 2016, Dowell was negligent, careless, and breached his duty of care to the general public and Plaintiff on the date alleged herein in the following respects:

   a) Failed to ensure that they had adequate line-of-sight of other vehicles;

   b) Failed to keep a proper lookout;

   c) Failed to take proper remedial actions which could have avoided this collision or minimized the impact;

   d) Drove at an unsafe, excessive and/or dangerous rate of speed under the circumstances existing at the time;

   e) Operated the tractor trailer without adequate training and experience;

   f) Failed to have the tractor trailer under proper control;

   g) Failed to stay in the proper lane on the roadway;

Electronically Filed - Mississippi - October 11, 2018 - 12:47 PM

h) Failed to properly maintenance or repair said tractor trailer prior to the crash;

i) Failed to conduct a pre-trip inspection of the tractor trailer;

j) Failed to signal prior to attempting to change lanes on a public roadway;

k) Drove while tired and/or fatigued and/or while distracted using a cellular telephone and/or mobile device;

l) Failed to yield the right-of-way;

m) Operated the tractor trailer too fast for the conditions existing at the time and place of the incident;

n) Allowed the tractor trailer to be operated when it exceed the maximum weight limit;

o) Operated said tractor trailer when not qualified to operate a commercial motor vehicle pursuant to the Federal Motor Carrier Safety Regulations and/or Missouri law;

p) Operated tractor trailer over the amount of hours allowed by the Federal Motor Carrier Safety Regulations on a public roadway;

q) Failed to keep a lookout ahead and laterally ahead while operating the tractor trailer;

r) Operated said tractor trailer when it was not safe to do so;

s) Failed to stay in his lane and without warning swerved into Plaintiff's portion of the roadway and/or lane and struck Plaintiff's motor vehicle causing him to lose control of said vehicle;

t) Failed to warn Plaintiff that his vehicle was about to be struck;

u) Allowed the tractor trailer to strike enter Plaintiff's lane when it was not safe to do so striking Plaintiff's vehicle causing him to lose control; and

v) Failed to exercise the highest duty of care owed to Plaintiff and the public in the operation of the tractor trailer.

61. On said date, while in the course and scope of his employment with Defendant, Dowell failed to be diligent at all times and failed to exercise the highest duty of care when he failed to keep a lookout, failed to signal, and swerved into Plaintiff's lane and/or portion of the roadway, striking Plaintiff's motor vehicle.

62. Each of the negligent acts or omissions by Dowell was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

63. As a direct and proximate result of the negligence of Dowell as set forth and alleged herein and hereinafter, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

64. Dowell knew or had information from which he, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury.

65. Dowell knew or had information from which he, in the exercise of ordinary care, should have known that the manner in which he operated said tractor trailer as described herein on a public roadway was operating in violation of the law and this behavior and conduct was reckless and intentional and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

66. Dowell to operate the tractor trailer in the manner in which it was operated on the public roadways, was willful, wanton, reckless and intentional, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

67. Because of Dowell's willful, wanton, reckless and intentional behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Dowell and to deter others from similar conduct.

68.    Dowell's reckless and intentional behavior, and his complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

69.    Dowell's violations of numerous Missouri statutes and/or traffic law and Federal Motor Carrier Safety Regulations as described herein caused or contributed to cause the crash alleged herein.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable to compensate him for injuries, plus costs against the Defendants jointly and severally, plus aggravated (punitive) damages, all interest allowed under Missouri law, together with their costs and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

THE CAGLE LAW FIRM, LLC

By_____
Zane T. Cagle, MO #53775
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
Email: zane@caglellc.com
*Attorneys for Plaintiff*