UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JERRY DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 1:18-cv-00289-SNLJ ) |
| GG BARNETT TRANSPORT INC., and BRANDON M. DOWELL, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before this Court is plaintiff's motion to remand and motion for attorneys' fees and costs (#16), as well as defendant GG Barnett Transport, Inc.'s "response to plaintiff's motion to remand and unopposed request to remand" (#21). For the stated reasons, the Court **REMANDS** this case back to the Circuit Court of Mississippi County, Missouri.[1]

In seeking remand, plaintiff has argued the "forum defendant rule" under Section 1441(b)(2) made it improper for GG Barnett to remove this case. That rule states that removal is improper where a "properly joined and served [] defendant[] is a citizen of the

---

[1] This case was removed from the Circuit Court of Mississippi County. Before that court, plaintiff had filed a motion for change of venue to the circuit Court of St. Louis County as a matter of "convenience" to the parties. (#16-2). Similarly, Dowell had filed a motion to dismiss under the doctrine of *forum non conveniens* arguing venue was proper in Illinois. (#10). In its response, GG Barnett seeks remand to the Circuit Court of Pemiscot County. Such a request is akin to requesting a transfer, which this Court has no authority to do in the absence of subject-matter jurisdiction. *See, e.g., Bloom v. Barry*, 755 F.2d 356, 357-358 (3d Cir. 1985); *see also Laster v. Monsanto Co.*, 2018 WL 1566846 at *2 (E.D. Mo. Mar. 30, 2018) (noting the forum defendant rule is jurisdictional in the Eighth Circuit). Accordingly, this case will be remanded to the originating court, which can make venue-based determinations for itself.

State in which such action is brought." 28 U.S.C. § 1441(b)(2). In support, plaintiff points out that co-defendant Brandon M. Dowell is a resident of Missouri. In its response, GG Barnett concedes it made an error, agreeing with plaintiff that "removal was improper under the forum defendant rule." As such, it also asks that this case be remanded. The Court agrees with the parties that removal was improper and hereby remands this case back to state court. *See Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). Because GG Barnett recognized its mistake and took steps to correct it, the Court declines plaintiff's invitation to impose sanctions against GG Barnett for what amounts to an apparent oversight of Section 1441(b)(2)'s applicability.

Accordingly,

**IT IS HEREBY ORDERED** that this case be **REMANDED** to the Circuit Court of Mississippi County, Missouri.

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees and costs is **DENIED**.

**IT IS FURTHERED ORDERED** that all other pending motions are **DENIED AS MOOT**.

An Order of Remand to follow.

So ordered this 28th day of February 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE